UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | Case No. 21-cv-1202-BAS-BGS <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'** ***EX PARTE*** **MOTION TO SEAL COMPLAINT** <br><br> **(ECF No. 3)** |

Before the Court is Plaintiffs' *Ex Parte* Motion to Seal the Complaint in this action ("Motion" or "Motion to Seal"). (ECF No. 3.) Plaintiff seeks to seal the previously filed Complaint in its entirety and file publicly a redacted version of the document. Because Defendants have not yet been served in this action, Plaintiff seeks this relief *ex parte*.

**I.   BACKGROUND**

Plaintiffs are subrogated property insurers who commenced this action under the Federal Tort Claims Act ("FTCA") alleging property damage and out-of-pocket expenses incurred by their insureds as a result of a 2018 incident. Plaintiffs state that their policyholders informed them after the Complaint was filed that they viewed some information it contained "as business-confidential, trade-secret information." (Mem. of P. & A. in supp. of Mot. ("Mem. of P. & A.") at 2, ECF No. 3-1.) Specifically, Plaintiffs state that

> policyholders deem the amount of the business interruption loss and other associated details, the amount of property damage loss and other associated details, the total amount of insurance payments, and Plaintiffs' view of the case as it concerns NASSCO and General Dynamics, as business-confidential, trade-secret information, and have sought to maintain it as such.

(*Id.*; Decl. of Richard Johanson ("Johanson Decl.") ¶¶ 4–8, ECF No. 3-4.)  Plaintiffs state that this information can be used to reverse engineer the costs of doing business "and might be used by a competitor to estimate profits and margins." (Mem. of P. & A. at 2.)  They state that subrogees "General Dynamics and NASSCO place actual and potential economic value on the redacted information" which constitute trade secrets under California law.  (*Id.* at 3 (citing California's Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1(d)).)

## II.    LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135.  The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102.  When the underlying motion is more than tangentially related to the merits, the "compelling

reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

## III. DISCUSSION

"The Ninth Circuit has yet to specify whether a party seeking to seal a complaint . . . must meet the 'compelling reasons' or 'good cause' standard." *Harrell v. Cal. Forensic Med. Grp., Inc.*, 2015 WL 1405567, *1 (E.D. Cal. Mar. 26, 2015). However, "courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit." *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013); *see also Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Rsrv.*, No. 3:17-CV-1436-GPC-MDD, 2017 WL 3600417, at *2 (S.D. Cal. Aug. 17, 2017) (listing cases). Accordingly, the Court will apply the "compelling reasons" standard here.

Plaintiffs seek to redact a minimal amount of information, including the amount of insurance losses and insurance benefits paid. The Court finds that Plaintiffs' argument that the potential economic value of policyholders' business ventures can be deduced from these figures constitutes a compelling reason to seal these quantities. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (noting that "profit, cost, and margin data" that could potentially be used against a litigant's business interests to cause competitive harm may be sealed); *see also Cox v. Roadrunner Intermodal Servs., LLC*, No. 1:17-cv-01056-DAD-BAM, 2019 WL 3202922, at *2 (E.D. Cal. July 16, 2019) ("Courts have found it appropriate to redact 'private financial information of competitive value.'") (citing cases).

However, Plaintiffs also seek to redact sporadic references to a policyholder and its purported fault for the underlying incident giving rise to this case. The Court assumes that these redactions concern "Plaintiffs' view of the case as it concerns NASSCO and General Dynamics" that Plaintiffs' policyholders have identified as confidential business information. (Mem. of P. & A. at 2.) However, Plaintiffs have not articulated specific facts as to why public disclosure of these references reflect potential economic value that could

cause competitive harm. *See Perry v. City & Cty. of San Francisco*, No. 10-16696, 2011 WL 2419868, at *86 (9th Cir. Apr. 27, 2011) (quoting *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)) ("The First Amendment and common law presumption of public access to judicial records is overcome only by a showing of 'compelling reasons supported by specific factual findings.'"). As such, the Court finds no compelling reasons specific to why this information should be redacted.

## IV. CONCLUSION AND ORDER

Accordingly, the Court **GRANTS IN PART** Plaintiffs' Motion to Seal as to the redacted quantities listed in ¶¶ 39, 40, 43, 44, and 51 of the Complaint, but **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Seal as to the redactions contained in ¶¶ 26, 31, 48, and 49 of the Complaint.

On or before **August 9, 2021**, the Court **ORDERS** that Plaintiffs comply with one of the following actions:

(1) Plaintiffs may file a supplemental motion to seal providing compelling reasons to redact the content in ¶¶ 26, 31, 48, and 49 of the Complaint; or

(2) Plaintiffs may file a notice with the Court that attaches, as an exhibit, an amended redacted Complaint that complies with this Order by redacting only ¶¶ 39, 40, 43, 44, and 51. The Clerk will seal the original unredacted Complaint (ECF No. 1) and file the amended redacted Complaint on the public docket at that time.

Unless and until Plaintiffs timely file either a supplemental motion or a notice, the original unredacted Complaint (ECF No. 1) will remain on the public docket.

**IT IS SO ORDERED.**

**DATED: July 27, 2021**

Hon. Cynthia Bashant
United States District Judge